UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DAVID MURPHY,<br><br>              Petitioner,<br><br>v.<br><br>WARDEN TIM WENGLER,[1]<br><br>              Respondent. | Case No. 1:10-cv-00510-REB<br><br>**MEMORANDUM DECISION**<br>**AND ORDER** |

      Pending before the Court in this habeas corpus action is Petitioner's Motion for Appointment of Counsel (Dkt. 12) and Respondent's Motion to Dismiss (Dkt. 9). Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 4, 8.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

      Having fully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs, and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

---

[1] See Notice of Substitution, filed May 5, 2011. (Dkt. 14.)

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The State brought multiple criminal charges against Petitioner in the Fourth Judicial District Court in Ada County, Idaho. Pursuant to a plea agreement, Petitioner pleaded guilty to and was convicted of one count of robbery, for which he was sentenced to 40 years fixed with life indeterminate. He also pleaded guilty to and was convicted of three counts of rape, for which he was sentenced to concurrent terms of 40 years fixed with life indeterminate. Judgment was entered on December 31, 1992. (State's Lodging A-1.)

Petitioner filed a direct appeal in 1993 and a post-conviction relief petition in state court in 1995. He pursued both cases through the state appellate courts, without success. (State's Lodgings B-1 to B-5, C-1 to D-13.) In 2006, Petitioner filed a Rule 35 motion to correct his sentence and pursued it through appeal, again without success. (State's Lodgings E-1 to F-8.)

Petitioner filed a first federal habeas corpus petition (first petition) in 2007, which was dismissed with prejudice in 2008. That action is discussed in detail below.

Petitioner filed a successive state post-conviction application in 2008, containing claims based on *Estrada v. State*, 149 P.3d 833, 838 (Idaho 2006). *Estrada* is an Idaho Supreme Court case relying on *Estelle v. Smith*, 451 U.S. 454 (1981), holding that a criminal defendant has a Fifth and Sixth Amendment right to assistance of counsel during a court-ordered psychosexual evaluation to be used for sentencing. (State's Lodging G-1.) The Idaho Court of Appeals determined that Petitioner's successive state post-conviction

**MEMORANDUM DECISION AND ORDER - 2**

application was untimely, and that no exception permitted him to proceed on the untimely *Estrada* claims, because *Estrada* did not announce a new rule of law that should be given retroactive effect. (State's Lodging H-3.)

Petitioner filed his current federal Petition for Writ of Habeas Corpus (second petition) on October 15, 2010. Petitioner brings several federal claims based on *Estrada.*

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel in this case. (Dkt. 44.) There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

To date, Petitioner has demonstrated that he can protect his interests in this habeas corpus action. His pleadings and papers, including his responses to the State's motions, are well-organized and appropriate. A review of the record does not show a high likelihood of success on the merits, given the narrow standard of relief in 28 U.S.C. § 2254(d). In

addition, prior to reaching the merits, the Court must address a simple, narrow procedural issue, for which appointment of counsel is not required.

The Court is aware that inmates have few legal resources. The Court independently reviews the case citations and references provided by the State for accuracy and applicability, and also does its own research to determine whether other cases not cited by the State apply. The appellate review process is available to ensure that the case has been adjudicated according to the proper legal standards. Petitioner's inability to more fully litigate his claims are "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355. Appointment of counsel is not warranted on Petitioner's argument that he lacks additional legal resources.

Because appointment of counsel would not benefit the Court in the decisionmaking process, the Court will deny Petitioner's second request for appointment of counsel (Dkt. 12).

## RESPONDENT'S MOTION TO DISMISS

### 1.    Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from other

**MEMORANDUM DECISION AND ORDER - 4**

court proceedings, including state courts. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Before an Idaho state prisoner can file a second or successive federal habeas corpus petition challenging the same conviction or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). In *Tyler v. Cain*, 533 U.S. 656 (2001), the United States Supreme Court explained the criteria used to determine whether a "second or successive petition" can proceed:

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

533 U.S. at 661-62.

Case law has further clarified that a habeas petition is considered a "second or successive petition" only if the first petition was dismissed with prejudice, whether on procedural grounds or on the merits of the claims. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005).

A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*,

**MEMORANDUM DECISION AND ORDER - 5**

274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, if this Court determines that the second petition meets the criteria for a "second or successive petition" under the statute, this Court has no jurisdiction to consider the petition. *See id.*, 274 F.3d at 1274 (holding that district courts lack jurisdiction to consider unauthorized successive petitions).

**2.     Discussion**

In the pending Motion to Dismiss, Respondent argues that all of the claims in Petitioner's successive petition are subject to dismissal because the claims "were or could have been adjudicated on their merits" in the first petition. *See Cooper*, 274 F.3d at 1273.

**A.     *First Federal Habeas Corpus Action***

On May 17, 2007, Petitioner filed his first federal habeas corpus case, Case No. 3:07-cv-00230-MHW, *Murphy v. State of Idaho, Director of IDOC, and Warden Kim Jones*. The first petition challenged the same convictions and sentences at issue in his second petition, but the claims were different: in the first petition, Petitioner alleged that his sentence violated the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, after the Idaho appellate courts affirmed denial of Petitioner's March 2006 state motion to correct an illegal sentence. Petitioner relied on a flawed argument circulating among inmates that, in every instance, an indeterminate life sentence is the equivalent of a thirty-year sentence, notwithstanding the actual wording of a judgment pronouncing an "indeterminate life sentence." Because Petitioner's sentence was clearly within the

**MEMORANDUM DECISION AND ORDER - 6**

statutory confines of the penalties set forth for the convictions, there was no factual or

legal basis for release under any theory presented. (*Id.*, Dkt. 22.)

Respondent filed a motion to dismiss the first petition on statute of limitations

grounds, but because the procedural issues were more difficult than the merits, Magistrate

Judge Mikel H. Williams, acting with consent of all parties, chose to address the petition

on the merits. As a result, the first petition was denied and dismissed with prejudice. (*Id.*,

Dkt. 22, 23.)

Judgment was entered, dismissing Petitioner's first petition with prejudice on July

8, 2008. (*Id.*, Dkt. 23.) Petitioner filed a Notice of Appeal, and both Judge Williams and

the United States Court of Appeals for the Ninth Circuit denied a certificate of

appealability. (*Id.*, Dkt. 27, 31.) Petitioner's case was terminated on May 22, 2009 (*Id.*,

Dkt. 31.)

### B.    *Current Habeas Corpus Action*

The second petition challenges the same sentences as before, but contains different

claims–those arising from the 2008 successive state post-conviction application–which all

challenging various aspects the psychosexual evaluation under *Estrada*.

Petitioner argues that he was not aware of the *Estrada* rule (and, in fact, it did not

exist) at the time he filed his first federal habeas corpus action, and, therefore, he could not

have brought the claims in his first petition. However, while *Estrada* was not a published

case available to Petitioner at the time he filed his first federal petition, the successful

arguments Mr. Estrada brought could have been brought by Petitioner (or any other

**MEMORANDUM DECISION AND ORDER - 7**

claimant who was subjected to a presentence psychosexual evaluation, for that matter) in his own state criminal case, based on *Estelle v. Smith*, 451 U.S. 454 (1981), the case the Idaho Supreme Court relied upon in deciding *Estrada*.

While Petitioner's argument relies on a common-sense approach to the filing of successive court actions, the federal courts are constrained to act only within the statutory exceptions that permit the filing of a second or successive petition. Here, the question is whether Petitioner can show "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the [United States] Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2)(A).

It is true that *Estrada* relied on existing United States Supreme Court precedent in interpreting the Fifth and Sixth Amendments to the United States Constitution; but, for "second or successive petition" purposes, Petitioner cannot show that his claim "relies on a *new* rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable" (emphasis added).[2] *Estrada* is not itself a

---

[2] While the retroactivity requirement of this statute is a determination to be made within the federal court system, it is instructive to note that in *Kriebel v. State*, 219 P.2d 1204 (Idaho Ct. App. 2009), the Idaho Court of Appeals determined that *Estrada* does not apply retroactively because it did not announce a "new" rule and, even if it did, it did not constitute a "watershed" rule of criminal procedure under *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion). *Id*. at 1206-07. *Teague* established the principle that, absent certain narrow exceptions, new constitutional rules of criminal procedure that are decided after a defendant's conviction becomes final on direct appeal will not be applied retroactively to the defendant if he seeks collateral review of his conviction. 489 U.S. at 310. This non-retroactivity principle has been used to govern habeas corpus cases since its adoption by a majority of the United States Supreme Court in *Penry v. Lynaugh*, 492 U.S. 302, 313 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002).

**MEMORANDUM DECISION AND ORDER - 8**

United States Supreme Court case;[3] nor has the principle established by *Estrada* specifically been recognized in a holding of the United States Supreme Court as a new retroactively-applicable rule. Hence, Petitioner's claim does not fit within the exceptions to § 2244(b). *See Tyler v. Cain*, 533 U.S. at 664-68 (the statute's language, "made retroactive," means that there must be a holding of a case of the United States Supreme Court specifically concluding that a principle or case can be applied retroactively).

**3.     Conclusion**

Petitioner cannot proceed on his Petition for Writ of Habeas Corpus because the first petition was dismissed with prejudice, and no exception set forth in § 2244(b)(2) applies to permit him to bring new claims arising from the same convictions and sentences. In any event, a pre-requisite to bringing a second petition is obtaining authorization from the Ninth Circuit Court of Appeals, which Petitioner has failed to do. Hence, the Court is without jurisdiction to hear the merits of the claims. As a result, the Court will not address Respondent's argument that, regardless of the procedural defects apparent in the Petition, Petitioner's claims are meritless. Petitioner may request authorization from the Ninth Circuit Court of Appeals, if he wishes to proceed with a second petition.

---

[3] Habeas corpus relief sought upon a legal, not factual, error of the state court can be granted only by showing that the state court decision "is contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Hence, habeas corpus relief cannot be grounded on *Estrada*, an Idaho Supreme Court case. Further, any claim grounded on *Estelle*, the case relied on by the *Estrada* Court, would not be based on a "new rule of constitutional law . . . that was previously unavailable," as required by § 2244(b)(2)(A).

**MEMORANDUM DECISION AND ORDER - 9**

## ORDER

**IT IS ORDERED:**

1.      Petitioner's Motion for Appointment of Counsel (Dkt. 12) is DENIED.

2.      Respondent's Motion to Dismiss (Dkt. 9) is GRANTED. Petitioner's

Petition is DISMISSED.

3.      The Clerk of Court shall provide Petitioner with a copy of the successive

petitions form that can be filed with the United States Court of Appeals for

the Ninth Circuit.

DATED:  **February 9, 2012**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge